# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## 1:10cv044

| | |
|---|---|
| CAMP CREEK REAL ESTATE PARTNERS, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| Vs. | ) ORDER ) |
| WILLIAM A. McFARLAND, JR.; McFARLAND AND MCFARLAND; and MCFARLAND & MCFARLAND, PLLC, | ) ) ) ) ) |
| Defendants. | ) ) |

**THIS MATTER** is before the court on its own consideration of its subject matter jurisdiction. In its Complaint, plaintiff alleges that it is "a limited liability company organized under the laws of the state of Delaware and authorized to do business in North Carolina." Compl., at ¶ 1. Plaintiff further alleges that "McFarland & McFarland PLLC is . . . a professional limited liability company organized under the laws of the state of North Carolina . . . ." Id., at ¶ 2. While plaintiff has alleged diversity as the basis for jurisdiction, id., at ¶ 5, plaintiff's allegations are insufficient as a matter of well settled law for the court to determine the citizenship of either LLC plaintiff or PLLC defendant. The state of incorporation for a limited liability

-1-

corporation and the place where a limited liability corporation does business does not, on its face, satisfy the requirements for either pleading or determining diversity. Thus, the Complaint contains a patent defect.

A partnership is a citizen of all states in which its constituent partners are citizens. Carden v. Arkoma Associates, 494 U.S. 185, 195 (1990). In turn, a limited liability company is a citizen of all states in which its constituent members are citizens. Id. In this case, neither the Complaint nor the Notice of Removal informs the court as to the citizenship of the LLC's members. As the parties are aware, the court has an affirmative duty to question its subject-matter jurisdiction, even where the parties have not raised the issue. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss

the action." Fed.R.Civ.P. 12(h)(3). When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)

In accordance with the reasoning of Adams and Carden, plaintiff shall be required to file with the court a Notice of Citizenship of LLC Plaintiff and LLC Defendant, in which it names and identifies the citizenship of each LLC's constituent members or partners, and, for any such constituent members or partners that are also LLCs or partnerships, to identify the citizenship of their respective constituent members or partners, until all such constituents are fully identified. See Carden, supra. The parties may wish to review the recent decision of the district court in Mecklenburg County v. Time Warner Entertainment-Advance/Newhouse Partnership, 2010 WL 391279 (W.D.N.C. Jan. 26, 2010). Such filing shall be made not later than February 26, 2010.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff file and serve a Notice of Citizenship of LLC Plaintiff and LLC Defendant not later than February 26, 2010.

Signed: February 18, 2010

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge